Levy v. Wallis.

---

*DECEMBER TERM, 1799.  [*167

---

LEVY *v.* WALLIS.

*Presumption of fraud.*

The act of suffering goods to remain in the hands of the defendant, after they have been levied on, furnishes no presumption of fraud ; but if the intention of leaving them is fraudulent, a subsequent execution will be preferred. (a)

IN this case, a *testatim fi. fa.* issued on the 27th of December 1798, returna- ble to March term 1799, which was levied on twelve horses. A *venditioni*

---

(a) In the United States courts, the decisions all sustain the principle, that when goods, of whatever kind they may be, upon which a levy has been made, are left in the possession of the defendant, by the permission of the plaintiff—or where proceedings are stayed, before a levy is actually made, though after the writ has been placed in the hands of the sheriff, the levy is void, as to a subsequent execution-creditor, or a *bonâ fide* purchaser ; and there is no distinction between a suspension for one day, or one or

*exponas* issued to September term 1799 ; and an *alias vend. exp.* issued to December term 1799. On the last writ, the sheriff returned, that he had sold the horses to the amount of $1021 ; that Thomas Hamilton had bought seven of the horses for $630 ; but that, both before and after the sale, he had given written notice, that he claimed the money arising on the sales, by virtue of a levy previously made for him, upon an execution, by the former sheriff : and that, therefore, he claimed to retain the amount of his purchases, in part satisfaction of his execution ; and the remaining money of the sales aforesaid, the said sheriff has ready, &c.

From the records, it appeared, that Hamilton had issued a *fi. fa.* against Wallis, on the 25th of January, returnable to March term 1798, which was levied (*inter alia*) upon seven horses ; and that on the 11th of December 1798, a *vend. exp.* issued, but was never prosecuted.

It also appeared, that in the case of *Perit, executor,* v. *Wallis,* a *testatum fi. fa.* had issued to March term 1797, which was levied (*inter alia*) upon seven horses ; that a *vend. exp.* issued ; that an *alias vend. exp.* issued to September term 1798, on which the sales were put off, at the risk of the plaintiff ; and that a *pluries vend. exp.* issued to September term 1799.

The general question was, whether the prior execution-creditors, Hamilton and Perit, had not lost their liens, by allowing the property levied upon to remain in the hands of the defendant?

THE COURT declared, that it had been repeatedly determined, and was become the settled law of Pennsylvania, that the act of *suffering goods to remain in the hands of the defendant, after they were levied upon, furnished no presumption of fraud here; as it did in England; and that

*168]

---

more months. But the force and effect of the writ or levy may be restored by a countermand. It is not, however, necessary, that the officer should remove or sell the property immediately, but it must be removed or sold within a reasonable time. United States *v.* Conyngham, Wall. C. C. 178; Barnes *v.* Billington, 1 W. C. C. 29; Berry *v.* Smith, 3 Id. 60.

The rule adopted by the supreme court of Pennsylvania is, that if, after a levy upon goods, other than household furniture, the plaintiff suffers them to remain in the possession of the defendant, while they so remain, the lien of the execution is lost. The exception of household furniture was allowed from sentiments of humanity, and the peculiar necessities of the country at the time. Chancellor *v.* Phillips, *post,* p. 213; Eberle *v.* Mayer, 1 Rawle 366. But this exemption ought not to be extended to all the furniture of an innkeeper ; and whether the exception ought to embrace all a debtor's furniture, however valuable, without limitation, may, perhaps, at some time, be worthy of serious investigation. The exemption of any species of property is to be regretted, as every day's experience shows, that it tends to produce collusion and fraud. (ROGERS, J., 3 Rawle 343.) Even in the case of household furniture, if the plaintiff directs the sheriff to stay proceedings, until further orders, levy to remain, it is a waiver of his priority, in favor of a second execution, received by the sheriff, during the continuance of the stay. Commonwealth *v.* Strembeck, 3 Rawle 341. It is not necessary that the officer should remove the property, nor put a person in charge of the goods, nor sell them immediately, but this must be done within a reasonable time. Ibid. In general, all executions issued, or kept on foot, with intent to delay, hinder and defraud creditors, are avoided by statute 13 Eliz. If, therefore, the sale of personal property levied on, is hindered by the management of an execution-creditor, he will be postponed to a subsequent one. Snyder *v.* Kunkleman, 3 P. & W. 487. See also Water's Executors *v.* McClellan, *post,* p. 208, and note.

Kesselman v. Old.

this departure from the English rule arose from sentiments of humanity, and the peculiar necessities of the country. In the interior of the state, particularly, it was the universal practice not to remove the goods, after a levy. If, however, the intention of leaving them with the defendant was fraudulent, a subsequent execution would be preferred, in Pennsylvania, as well as in England. In the present instance, there is no proof of fraud; the first levies are, of course, good; and the sheriff must pay the money arising from the sales accordingly.(a)

(c) s. c. 2 Yeates 509, reported as Lessee of Eshelman *et al.* v. Hoke.

(d) It appears in the report by Yeates, that sufficient real assets descended to the heirs.

[1] But see Keyser's Appeal, 13 Penn. St. 412, where it is said by ROGERS, J., that although there is an appearance of contradiction, in the *dicta* of some of the judges, yet, it is the rule in this state, that merely leaving the property in possession of the defendant, though with the plaintiff's consent, is not *per se* fraudulent. The rule is, if goods be left in defendant's possession, even with the plaintiff's permission, the lien is not lost, unless there be fraud.